UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS and<br>TIMOTHY WHITTAKER,<br>Plaintiffs, | ) | 17-272-NJR-DGW |
| VS. | ) | Jury Demand |
| Travel Centers of America,<br>Defendant. | ) | |

PLAINTIFFS' COMPLAINT

**STATEMENT OF CLAIM**

1. This is an action to vindicate violations of the Plaintiffs' civil rights and to redress the unlawful and discriminatory conduct and employment practices of the Defendant. This action arises out of the illegal and wrongful discharge of Thomas Whittaker, on or about March 28, 2016 and the Racially Discriminatory employment practices both Thomas and Timothy have been subjected to while in the employ of the defendant. Mr. Thomas Whittaker was terminated from his employment based, in whole or in part, upon his race in violation of Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. Sections 200 e et seq., and the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981. Mr. Timothy Whittaker continues to be in the employ of Travel Centers of America, yet suffers under the brunt of discriminatory conduct directed at him on a continuing basis.

Beginning on or about October 2014, Thomas, an African-American man, was employed by the Travel Centers of America company. During his tenure with this company, he performed such auto mechanic duties including oil changes, repairs and maintenance to

trucks. Although he performed these duties largely without incident, he was regularly subjected to greater scrutiny and criticism by his management that far exceeded that which other similarly situated white mechanics faced. He was often subjected to public humiliation at the hands of management. Many times he was yelled at in the presence of coworkers. Regularly, he was threatened with being fired for failing to correctly perform tasks the management had failed to train him to do.

When the management assigned Thomas to his brother, Timothy in a mentorship program in February of 2016, Thomas believed he would succeed with the company. But the following month, Thomas was fired from the company when management, without sufficient notice, changed his schedule to hours that would not allow him to be available. Shortly thereafter, Travel Centers of America, terminated Thomas for job abandonment, even though it had changed the schedule without notice and Thomas had seniority over other Caucasian workers who should have been reassigned the new schedule before he was forced to take the new hours.

Before Thomas was employed with Travel Centers of America, his twin brother, Timothy was employed with the company his tenure beginning in 2006. For many years, Timothy was the only African-American employee with Travel Centers of America. Travel Centers of America would fail to hire African-American applicants despite their qualifications. Only after the insistence of Timothy, did his brother also become employed with the company. Thereafter, Thomas and Timothy often received negative assessments and assignments that other mechanics didn't have to endure. In addition, the brothers were often separated from joint job tasks, while other Caucasian blood-related- working duos were allowed to work as partners to complete job tasks. The brothers were regularly picked over for lucrative work

assignments that were given to their white counterparts, despite the fact that they were qualified and next in line for the assignment. On the rare occasion, when the men were assigned lucrative jobs, they were accused of "stealing" the assignments from other Caucasian co-workers that wanted the work. Occasionally, the plaintiffs were literally pulled from good assignments that they were in the process of working only to have the jobs reassigned to Caucasian co-workers for no apparent reason.

Also, Timothy was denied a pay increase that he earned upon reaching the master mechanic "L2" . The only mechanic black or white in the company having attained this level, Timothy repeatedly requested the attendant pay increase and didn't receive it for more than a year after the increase should have been applied. He still has failed to receive the "back pay" attendant to the increase that he is owed. In addition to the failure to appropriately compensate Timothy, he has faced a hostile working environment based on race in that he has been subjected to numerous racially charged incidents including hearing the use of racial epithets in the work environment. He has also been referred to in derogatory terms by coworkers in reference to his complexion and or mannerisms. All of which has been conducted with Management's knowledge if not outright participation.

**PARTIES**

2.Plaintiffs, Thomas and Timothy Whittaker, African-Americans, citizens of the United States who reside in Wentzville, Mo. At all relevant times they were employed by Travel Centers of America Inc. within the meaning of Title VII of the Civil Rights Act of 1964 and applicable case law.

3.Travel Centers of America Inc. is a corporation or similar business entity organized and existing under the laws of the state of Illinois and which regularly conducts business at 819 Edwardsville Rd, Troy, Il 62234.

4. At all times relevant, Defendant Travel Centers of America Inc. employed in excess of fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended , 42 USC Sections 2000e, et seq.

**JURISDICTION AND VENUE**

5. This is, in part, an action authorized and instituted pursuant to Title V11 of the Civil Rights Act of 1964, as amended, 42 USC Sections(s) 2000e et seq., the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 USC Section 1981; 42 USC Section 1981A; 42 USC Section 1988, and the common law of the State of Missouri.

8. The jurisdiction of this may exercise jurisdiction over Plaintiff's claims arising under common law and statutes of the State of Illinois and general jurisdiction.

9. Venue is proper in the Southern District of Illinois wherein the defendant regularly conducts business and where all the wrongful conduct occurred.

10. Thomas and Timothy have complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Right Act of 1964 and with the Equal Employment Opportunity Commission.

**FACTUAL ALLEGATIONS**

11. Plaintiff, Thomas Whittaker, was employed by Defendant, Travel Centers of America Inc. from October 2014 to March of 2016.

12. Plaintiff, Timothy Whittaker has been and continues to be employed by the defendant since 2006.

13. At all relevant times, Defendant, Travel Centers of America employed in excess of fifteen employees for at least twenty calendar weeks.

14. At all times relevant, all matters regarding compensation, terms, conditions rights and privileges of the plaintiffs were governed and controlled by Travel Centers of America, Inc. and the Collective bargaining agreement negotiated by the Teamster Union Representation.

15. Upon information and belief and at all relevant times, Howard Chamberlain (Caucasian), general manager was acting as the agent, servant, and/or employees of the defendant. Defendant, Travel Centers of America is therefore liable for the acts and omissions of Chamberlain pursuant to principals of ratification, respondeat superior, and actual and or implied agency.

16. Joe Dunbar (Caucasian) field manager was also acting as the agent, servant, and or employee of the defendant. Defendant is therefore liable for the acts and omissions of Mr. Dunbar pursuant to principals of ratification, respondeat superior and actual and or implied agency.

17. Karen Kominsky, Head of Human Resources, was also acting as the agent, servant and or employee of the defendant. Defendant is therefore liable for the acts and omissions of Ms. Kominsky pursuant to principals of ratification, respondeat superior and actual and or implied agency.

18. At all relevant times, the plaintiffs performed and completely performed all of the functions, duties and responsibilities of their employment with the defendant.

16. In March, of 2016, Thomas while employed in the normal and ordinary duties of mechanic, was terminated under the pretext of job abandonment.

## FIRST CAUSE OF ACTION

**Defendants Violation of Title VII's Prohibition Against Employment Discrimination—Racial Discrimination**

17. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

18. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981, for relief based upon the unlawful employment practices of the above-named Defendant. Specifically, Timothy and Thomas Whittaker complain of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

20. Both Timothy and Thomas African-American males and during their employment with Defendant Travel Centers of America Inc are members of a protected class under Title VII against race based discrimination by their employer or its supervisory personnel.

21. At all relevant times, Timothy and Thomas Whittaker adequately and completely performed all of the functions, duties and responsibilities of their employment.

22. As a result of Defendants' policies and practices, they were unjustly and discriminatorily deprived of equal employment opportunities because of race.

23. As a further result of these actions, both Thomas and Timothy are being and will be deprived of income in the form of wages and other benefits, promotion opportunities and job assignments due to her as an employee, but denied because of race and in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**Defendant's Travel Centers of America. Inc.**

**Breach of Contract and/or Promissory Estoppel**

24. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

25. Defendant Travel Centers of America, Inc. promulgated express and written *statements* of employment policies, practices and procedure which it provided and disseminated to all of its employees, including Timothy and Thomas Whittaker.

26. Defendant represented both orally and in writing, that they would treat employees in a specific, fair and equitable manner. Specifically, Defendant represented, promised and/ or implied both orally and in writing that an employee would only be discharged for cause, and after a reasonable investigation and opportunity to be heard.

27. The customary pattern and practice of Defendant was to follow its express and implied employment policies and practices.

28. Defendant Travel Centers of America, inc. promulgated these policies and procedures, and made these representations, in such a manner as to manifest its willingness to enter into a bargain with its employees, including Timothy and Thomas.

29. The brothers assented to Travel Centers of America, Inc.'s offer regarding the employment policies and procedures by accepting employment and via oral representations in such a way as to conclude the bargain.

30. Timothy's and Thomas' initials and/or continued employment with Defendant constituted acceptance of and consideration for Defendant's offer.

31. Defendant breached its contract with Timothy and Thomas by failing to follow its own practices, policies and procedures with regard to the terms and conditions of Plaintiffs employment as set forth herein.

32. As set forth herein, Defendant intentionally, willfully and maliciously breached its contract with Plaintiff.

33. Moreover, Defendant Travel Centers of America, Inc. expected or should have reasonably expected the brothers to rely on the aforementioned policies and procedures as a commitment by Defendant to follow and abide by them./

34. At all relevant times, Timothy and Thomas understood and reasonably relied on the aforementioned policies and procedures to her detriment and harm.

35. Thomas Whittaker was not terminated for cause in that Defendant did not properly apply its own established scheduling policy when it forced Thomas to accept reassignment when their were workers with less seniority who should have been given the reassignment.

36. Substantial injustice can only be avoided by enforcing the promises made by Defendant to Plaintiffs.

37. Defendant Travel Centers of America, Inc.'s, breach of contract was a direct and proximate cause of the injuries, damages and harm suffered by Thomas and Timothy Whittaker and as set forth herein.

38. Defendant's conduct was willful and wanton, and the plaintiffs are entitled to punitive/ exemplary damages in addition to compensatory damages and other remedies available under the common law.

**FOURTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

39. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs of the complaint as though set forth at length herein.

40. As set forth herein, during their employment with Defendant, the plaintiffs were subjected to a pattern of discrimination and misconduct in the workplace based, in whole or in part, on race.

41. At all relevant times, the above named Defendant knew or should have known that the inequitable treatment and accusations of job stealing were either baseless or utterly false. Despite said knowledge, Defendants ignored the evidence and continued to penalize brothers.

42. Despite actual and constructive knowledge that the accusations were unfounded, Timothy and Thomas were written-up, and disciplined for alleged infractions of company policy. Thomas was eventually terminated from his employment.

43. Mr. Chamberlain acted intentionally, recklessly and/or with deliberate indifference to a substantial probability that severe emotional distress would result to the plaintiffs.

44. The Defendant's actions toward the plaintiffs as set forth above, are evidence of a pattern of race discrimination which further constitutes extreme and outrageous conduct.

51. Such conduct was done in a willful and wanton manner, and constituted a disregard for the rights and well-being of both Thomas and Timothy.

52. As a direct and proximate result of the above named defendants extreme and outrageous conduct, the brothers suffered severe emotional distress.

53. Because the Defendants' conduct was: extreme, outrageous, improperly motivated, intentional, willful and wanton, toward the plaintiffs, they are entitled to punitive/exemplary damages in addition to compensatory damages.

**DAMAGES**

54. The conduct of the Travel Centers of America, as set forth herein, in violating the plaintiffs' rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 200e seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; and the common law of Illinois, caused injuries, damages and harm to the plaintiffs, including, but not limited to, past and future economic loss, past and future non-economic losses, including extreme emotional distress, loss of reputation, shame , humiliation, inconvenience, mental anguish, impairment in the quality of life, and consequential losses.

Wherefore, the Plaintiffs, Mr. Thomas Whittaker and Timothy Whittaker seek a judgment and damages against Defendant, Travel Centers of America Inc., as follows:

A. A declaratory judgment that Defendant has violated the Plaintiffs' right to be free from discrimination in the workplace.
B. Enter an injunction ordering Defendant Travel Centers of America to make Plaintiffs whole with full back pay, benefits and reinstatement to a position Mr. Thomas Whittaker would have obtained in the absence of discrimination or, in the alternative, front pay.
C. An award for Plaintiffs for compensatory damages in amount to be shown at trial for past and future non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loss.
D. An award to both Thomas and Timothy Whittaker for exemplary and or punitive damages in an amount to be shown at trial;
E. An award for reasonable attorney's fees and costs, as provided by state law and provided in Title VII of the Civil Rights Act of 1964.

F. An award to the plaintiffs of interest on any awards at the highest rate allowed by law;

G. Such other relief this Court deems just and proper.

Pro Se

Thomas Whittaker
190 Maggie Kate Ct.
Wentzville, MO 63385
314-766-2676

Pro Se

Tim Whittaker
59 BRENDA ST
GLEN CARBON, IL 62034
314-314-766-2759

certificate of service
The above document was hand-delivered to the court on 3-14-17